UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TIONNA S. BLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:20-cv-00573-JPH-MG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tionna Bland was involved in a physical altercation involving correctional officers and another prisoner at Rockville Correctional Facility in 2019. As a result, she was punished for assaulting an officer under the prison Disciplinary Code.

In her petition for a writ of habeas corpus, Ms. Bland asks the Court to vacate her disciplinary conviction and sanctions and restore her earned credit time. She has not demonstrated that any of her rights were violated in the disciplinary proceeding, so the Court must deny her petition.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

This disciplinary action took an indirect path to federal court. Ms. Bland was originally convicted at a disciplinary hearing on September 30, 2019, but the appeal review officer later vacated her sanctions and designated the matter for rehearing. Dkt. 1-1 at 3, 8. The Court's role is limited to reviewing the procedures utilized with respect to the rehearing process in disciplinary case RTC 19-09-0226.

There is no dispute that Ms. Bland was involved in an incident involving Officer Izek Morrison, Officer West, and another inmate on August 28, 2019. In his conduct report, Officer Morrison stated that Ms. Bland "began striking [him] in the back of [his] head" while he was trying to subdue another inmate. Dkt. 1-1 at 5. When Officer West came to assist Officer Morrison, "both offenders began striking Officer West." *Id.*

Several officers prepared Reports of Use of Physical Force after the incident. Dkt. 11-10. The officers arrived on the scene at different times. Three stated that Ms. Bland struck Officer Morrison:

- Officer Wirth: "Then Offender Bland began striking him with a closed fist to the back of his head and upper back." Dkt. 11-10 at 3.

- Officer Morrison: "Offender Bland began striking me in the back of my head and upper back." *Id.* at 4.

- Officer West: "Offender Bland began striking Officer Morrison in the back of the head with a closed fist." *Id.* at 6.

The remaining officers appear to have arrived after Ms. Bland moved toward Officer West. *See id.* at 1 ("I observed Offender Tionna Bland . . . attempting to strike Officer West."); 2 ("I observed

Offender Tionna Bland . . . attempting to strike Officer West."); 7 ("When I . . . entered the dorm I observed Offender Bland . . . on the floor with Officer West.").

Three inmates provided witness statements attesting that Ms. Bland did not hit either officer. Dkt. 11-5.

The matter proceeded to a hearing on January 2, 2020. Dkt. 11-4. The hearing officer found Ms. Bland guilty of violating Code 102 and assessed sanctions, including a loss of earned credit time. *Id.* Ms. Bland's administrative appeals were unsuccessful. Dkts. 11-6, 11-7.

### III. Analysis

Ms. Bland asks the Court to grant habeas relief and vacate her disciplinary conviction on two grounds: the evidentiary record did not support the assault charge, and the prison staff did not conduct the rehearing according to its own policies. The record does not support granting the petition on either basis.

**A.    Sufficiency of the Evidence**

Ms. Bland asserts that the evidentiary record did not support her assault charge and, at best, demonstrated disorderly conduct.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Code 102 prohibits "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner." Dkt. 11-8.[1] The conduct report and three Reports of Use of Physical Force describe Ms. Bland intentionally touching Officer Morrison in an angry manner by punching him in the head. This evidence indisputably supports the hearing officer's decision and therefore satisfies due process. This Court cannot consider whether other evidence, such as the other inmates' statements or reports issued during the original disciplinary proceeding, may support a different conclusion. *Rhoiney*, 723 F. App'x at 348.

**B.     Adherence to Prison Policy**

Ms. Bland next argues that the prison staff deviated from the Disciplinary Code in various aspects of the rehearing. Most notably, she argues, the conduct report underlying the original proceeding did not state that she actually struck Officer Morrison.

To the extent this argument challenges the sufficiency of the evidence, for the reasons described above the "some evidence" standard has been met.

To the extent Ms. Bland argues that the prison staff failed to follow prison policies, that does not state a claim for a due process violation. *See Keller v. Donahue*, 271 F. App'x 531, 532

---

[1] The Plaintiff asserted that she could not be disciplined under Code 102 because it prohibits only "battery against an offender." Dkt. 1 at 2; Dkt. 1-1 at 9. However, the version of Code 102 in effect at the time of the offense in 2019 prohibited "Battery" as defined here. Dkt. 11-8 at 1.

(7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Ms. Bland's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles her to the relief she seeks. Accordingly, Ms. Bland's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 10/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIONNA S. BLAND
109930

ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Taylor Michelle Carpenter
INDIANA ATTORNEY GENERAL
taylor.carpenter77@gmail.com

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov